*In re* BLUMLEIN.   *In re* ROSENWALD.   *In re* CULLMANS.   *In re* SCHUBART.

(*Circuit Court, S. D. New York.* February 2, 1891.)

CUSTOMS DUTIES—APPRAISERS' DECISION—REVIEW—RETURN.

On proceedings in the circuit court to review the action of the board of general appraisers in the classification of certain merchandise, under act June 10, 1890, "to simplify the laws in relation to the collection of the revenues," the return of the board stated that all the facts involved in the case were contained in its annexed opinion and decision, but the opinion merely affirmed the collector's assessment of duty, stating that for certain reasons it "was not deemed advisable to enter into the merits" of the question involved in the importer's protest. *Held*, that the return was not sufficient under section 15 of the act, providing that it shall contain "a certified statement of the facts involved in the case," and that it should be sent back to the board to be conformed to the requirements of that section.

At Law.   Motion for further return of board of general appraisers under the act of June 10, 1890, entitled "An act to simplify the laws in relation to the collection of the revenues."

*Charles Currie,* and *W. Wickham Smith,* for petitioner.

*Edward Mitchell,* U. S. Atty., and *Henry C. Platt,* Asst. U. S. Atty., for collector.

LACOMBE, Circuit Judge.   In these four cases the collector of this port liquidated the duty upon certain importations of the petitioners at 75 cents per pound, as leaf tobacco suitable for wrappers, and possessing certain other characteristics which the tariff (paragraph 246) specified.   Against this liquidation the importers protested, setting forth in their protests the facts which, as they claimed, showed both that errors had been made in the classification of the tobacco, and that the examination of the importations had not been such as the statutes required. All the papers were transmitted to the board of general appraisers, which affirmed the action of the collector.   The importers having applied to this court for a review of the action of the board, orders were heretofore made calling for returns of the "record and the evidence taken by them, together with a certified statement of the facts involved in the case, and their decisions thereon."   Section 15, Act 1890.   The returns filed in response to this order each state that "all the facts involved in said case, so far as ascertained by the board, are fully stated in [a certain] opinion and decision [annexed thereto.]"   In such opinion it is stated that, inasmuch as some of the questions raised by the protest are "understood to be now pending in the United States courts, [they] do not deem it advisable to enter into the merits of the same at this time, but affirm [the collector's] assessment of duty."   Both the counsel for the petitioners and the district attorney move the court to send back these returns as not in conformity to the requirements of the statute, insisting that neither the importer nor the government can safely proceed further in the cases until a proper return is filed.   Certainly these returns do not contain any certified statement of "the facts involved in the case," which, under the

statute, it is the duty of the board to make. The joint motion must therefore be granted, and the returns sent back to the board, to be conformed to the requirements of the statute as stated in the former orders.